NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAL J. DAVENPORT, | Case No. 5:19-cv-00971 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes HAL J. DAVENPORT ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of California.

**PARTIES**

4.   Plaintiff is a 69 year old consumer residing in Yucca Valley, California, which is located within the Central District of California.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a debt collection law firm whose creditor's rights practice includes "collecting consumer . . . accounts."[1] Defendant is a professional corporation organized under the laws of the state of California with its principal place of business located at 3710 South Susan Street, Suite 210, Santa Ana, California.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding Citibank, N.A. ("Citibank") consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

---

[1] http://www.collectmoore.com/

10. The subject debt stems from a credit card Plaintiff was issued through Citibank in connection with the retail store Sears.

11. After incurring the subject consumer debt, Plaintiff purportedly defaulted on his payments to Citibank.

12. Citibank subsequently turned the collection of the subject consumer debt over to Defendant after Plaintiff's purported default.

13. On or about March 4, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt ("Collection Letter"). *See* Exhibit A.

14. The Collection Letter identifies Defendant as both a law firm seeking collection of the subject debt as well as a debt collector.

15. In the signature line of the Collection Letter, Defendant lists attorneys that are associated with Defendant's collection efforts.

16. The Collection Letter has spaces next to each name where such attorneys write in a check mark, indicating that such attorney is responsible for the sending of the collection letter.

17. Defendant's Collection Letter contains a check mark next to "Donna M. Aguirre," and further contains what appears to be Ms. Aguirre's signature.

18. The Collection Letter further advises that it was sent to collect the subject consumer debt purportedly owed to Citibank.

19. Citibank is one of the largest issuers of credit in the United States. As such, it stands to reason that Citibank has a proportionally large number of accounts that are referred to collection activities by third-party debt collectors such as Defendant.

20. Citibank works with Defendant on a regular basis and Defendant sends thousands of identical collection letters to consumers on a daily basis. *See e.g., Kniley v. Citibank, N.A.*, 2015

U.S. Dist. LEXIS 20205 (N.D. Cal. Feb. 19, 2015); *Makreas v. Moore Law Group, A.P.C.,* 2014 U.S. Dist. LEXIS 124145 (N.D. Cal. Sept. 4, 2014).

21. The attorney purportedly sending the Collection Letter to Plaintiff allows their signature to be included on hundreds of such collection letters per day without engaging in a meaningful review of the underlying account prior to determining the veracity of the representations.

22. The lack of attorney review is further evinced by the nature of the signature line on the Collection Letter.

23. The fact that an attorney need only write a check mark and sign their name (assuming that the attorney whose signature appears actually provided the signature) indicates that the Collection Letter is mass produced and formulaic in nature, and was not the result of work created by Ms. Aguirre.

24. As such. Defendant's Collection Letter is clearly formulaic in nature and is the result of a mass-produced letter creation campaign.

25. The automated nature of the manner in which Defendant creates and sends its collection letters if further demonstrated by the existence of a bar code on the top of the Collection Letter.

26. This bar code is likely included as a way to more readily scan and track the mass amount of collection letters Defendant sends to consumers on a daily basis.

27. Based upon the automated nature of Defendant's collection letter process, and the representations inherent within such communications, it would be virtually impossible for a single attorney to review the mass amount of collection letters Defendant sends in relation to Citibank debts.

28. The lack of meaningful review in the correspondence sent by Defendant is further evinced upon considering and reviewing the multitude of complaints that have been filed against Defendant

in federal courts throughout the country, as well as within the Consumer Financial Protection Bureau.[2]

29. These complaints elucidate a problematic course of conduct (e.g., attempting to collect debts not owed, continued attempts to collect debts not owed, taking or threatening illegal action, etc.) which seemingly would or could have been avoided had Defendant's attorneys meaningfully reviewed the files of consumers prior to initiating its debt collection efforts against such consumers.

30. Defendant's communications, purportedly reviewed by attorneys prior to being sent, are done with the goal to exert undue pressure on Plaintiff and consumer generally to compel them into making payment out of fear that Defendant, a law firm, will file a lawsuit against them if payment is not made.

31. As a result of receiving the correspondence, Plaintiff was unfairly confused and misled regarding Defendant's representations and examination of the subject consumer debt, and was further subjected to undue pressure that an attorney had review his account and determined that it was proper for legal action.

32. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

33. Plaintiff has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

---

[2] *See* https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=&size=25&sort=created_date_desc

5

36. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

37. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated 15 U.S.C. § 1692e, e(3), and e(10) by sending a correspondence to Plaintiff representing that it was from, and reviewed by, an attorney. Upon information and belief, the attorney whose signature appears on the correspondence allows their signature to be used on hundreds of similar formulaic collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of the collection letters sent and the underlying account(s) associated with those letters. Instead, it is clear that Defendant's Collection Letter was the result of a mass produced letter campaign, sent absent sufficient review. Sending form collection letters en masse said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the

professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send the Collection Letter is in violation of the FDCPA.

**b. Violations of the FDCPA § 1692f**

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by falsely representing to Plaintiff that the Collection Letter was reviewed by an attorney and was appropriate for legal action. Based upon the formulaic and mass produced nature of Defendant's Collection Letter, Defendant unfairly attempted to escalate the concern over the subject consumer debt in Plaintiff's mind by suggesting an attorney had reviewed his file and decided it was appropriate for legal action. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, HAL J. DAVENPORT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

46. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

47. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

48. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

49. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

50. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, HAL J. DAVENPORT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

1

2    Dated: May 28, 2019                    Respectfully submitted,

3                                           By: /s/ Nicholas M. Wajda
                                            Nicholas M. Wajda
4                                           WAJDA LAW GROUP, APC
                                            11400 West Olympic Boulevard, Suite 200M
5                                           Los Angeles, California 90064
                                            Telephone: (310) 997-0471
6                                           Facsimile: (866) 286-8433
                                            Email: nick@wadjalawgroup.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28